UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 08-CR-263

REGINALD BLOUNT,

        Defendant.
_____

## ORDER

On October 7, 2008, a grand jury sitting in the Eastern District of Wisconsin returned a two count indictment charging Reginald Blount ("Blount") with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Two). (Docket #1). At his arraignment, held on February 20, 2009, Blount entered pleas of "not guilty" to each count. (Docket #10). On April 30, 2009, pursuant to the pretrial scheduling order, the defendant filed a motion to suppress evidence. (Docket #17). After the parties briefed the issues, U.S. Magistrate Judge Patricia J. Gorence issued a Report and Recommendation recommending that Blount's motion be denied. (Docket #21). Blount filed a timely objection to the magistrate's recommendation. Before addressing Blount's objection, the court briefly sets forth the underlying facts of the case.

## BACKGROUND

On July 29, 2008, Milwaukee County Circuit Court Commissioner Barry Phillips issued a search warrant for 2233 N. 11th Street, Milwaukee, WI. (Def.'s Mot Suppress, Attch. #1). Attached to the warrant was an affidavit completed by City of Milwaukee Police Officer Mark Harms ("Officer Harms"). In the affidavit, Officer Harms cites a confidential informant ("CI") as his principal source of information. (Id. ¶ 4). The CI claimed to have been inside Blount's premises, located at 2233 N. 11th Street, within the previous 48 hours, and to have observed Blount in possession of two clear plastic bags that Blount identified as containing marijuana and that the CI knew contained marijuana based on appearance and smell, coupled with the CI's personal prior experience as a seller of marijuana. (Id. ¶ 7).

Officer Harms also stated in the affidavit that he believes the CI to be credible based on the fact that the CI had previously given law enforcement officers information which led directly to the arrest of more than two individuals. (Id. ¶ 5). Not only had the CI's previous information led to arrests, but also the firearms and drugs the CI described when giving the previous information had turned out to be consistent with what was found when the police acted on that previous information. (Id.).

Acting on the warrant supported by the foregoing affidavit, the police searched the premises identified in the affidavit and arrested Blount based on the contraband disclosed during the search. This evidence forms the basis for the drug and firearm

2

charges Blount now faces, and Blount accordingly has moved to suppress the admission of this evidence.

## ANALYSIS

In regard to Blount's motion to suppress, Magistrate Gorence recommends that the motion be denied. While she notes that the police could, and likely should, have sought to corroborate the information provided by the CI, she nonetheless found that the affidavit set forth sufficient facts to establish probable cause for the search. (Report and Recommendation at 6). Magistrate Gorence also found that even if the affidavit were deemed insufficient to establish probable cause, the evidence should still not be suppressed because Officer Harms was acting in good faith reliance on the issuing court's probable cause determination. (Id. at 7).

Blount objects to the magistrate's report and recommendation on two separate grounds. First, Blount argues that Officer Harm's affidavit was inadequate to establish probable cause, and thus the county court erred by issuing the search warrant. (Def.'s Obj. to R&R at 2). Blount also argues that Officer Harms did not rely on the search warrant in good faith. (Id. at 3). Blount asserts that an officer with as much experience as Officer Harms could not have reasonably believed that the warrant was supported by probable cause. (Id.) For both of these reasons combined, Blount asks this court to suppress the evidence discovered pursuant to the warrant. Because Blount's objections to the magistrate's recommendation were

3

timely made, the court reviews her recommendation *de novo.* *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

**A.     Whether the Warrant Was Supported by Probable Cause**

Probable cause exists when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Jones*, 208 F.3d 603, 608 (7th Cir. 2000). Where probable cause is based on information supplied by an informant, the court considers several factors: "(1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant." *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002). In the instant case, as Magistrate Gorence points out, the first and third factors are starkly absent. There is no indication that the police made any efforts to corroborate the CI's statements through surveillance, a controlled buy, or any other of the various methods available. Additionally, the affidavit gives very little detail as to the events surrounding the CI's observations in Blount's premises. Lastly, as Blount notes, no explanation is given as to why the CI did not testify before the issuing court, so that it would have an opportunity to assess the CI's credibility and motives.

4

As Magistrate Gorence's recommendation points out, while these deficiencies may be troubling, they are not fatal to the validity of the warrant. Her recommendation relies heavily on the recent Seventh Circuit case: *U.S. v. Garcia*, 528 F.3d 481 (7th Cir. 2008). This reliance is well placed as *Garcia* is very recent and directly on point with the instant case. In *Garcia*, a Milwaukee County Circuit Court Commissioner issued a search warrant based solely on the affidavit of a Detective Baker. *Id.* at 483. The information in the affidavit was derived entirely from a CI who had been in the defendant's residence within the past 72 hours beforehand and observed a substance the CI recognized – based on his past involvement in the sale of drugs and personal experience – as cocaine. *Id.* The affidavit stated that Detective Baker believed the CI to be credible because he had previously provided officers with information that led to the arrest of more than two fugitives as well as to the arrest and conviction of another person for drug trafficking. *Id.* Similar to the instant case, the CI provided very little detail as to the circumstances surrounding his observations. *Id.* at 486. While the *Garcia* court found this troubling, it nonetheless held that "a sensible judge could find that the affidavit [] set forth sufficient facts to establish probable cause." *Id.* As there is no discussion of it in the *Garcia* opinion, the court apparently was not concerned by the fact that the CI on whom Detective Baker relied did not testify before the court commissioner. Rather, the court focused on the fact that the CI's information came from firsthand observations, that the time lapse between the observations and

5

application for the warrant were relatively small, and that the affidavit provided enough information to establish the credibility of the informant. *Id.* All of these factors are equally present in the instant case, with the enhancement that in the instant case the time lapse of less than 48 hours was significantly less than the time lapse of less than 72 hours in *Garcia*. Accordingly, based on *Garcia*, this court finds that the warrant was supported by probable cause, and thus this court adopts Magistrate Gorence's recommendation that Blount's motion to dismiss be denied.

**B.     Whether the Officers Acted in Good Faith**

Even if the affidavit were not supported by probable cause, the good faith exception would apply, and thus denial of Blount's motion would still be the proper result. The good faith exception stems from *U.S. v. Leon*, 468 U.S. 897 (1984), a case in which the Supreme Court ruled that evidence seized pursuant to a deficient warrant should not be suppressed if the officers involved were relying in good faith on the decision of the issuer of the warrant. *Id.* at 924. The decision to obtain a warrant is deemed to be prima facie evidence that an officer was acting in good faith. *U.S. v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). For Blount to rebut this prima facie evidence that Officer Harms was acting in good faith, he must show one of three things: 1) the issuer of the warrant abandoned his detached and neutral role; 2) Officer Harms was dishonest or reckless when preparing the affidavit; or 3) the warrant was so lacking in probable cause that Officer Harms's belief in the existence

6

of probable cause was entirely unreasonable. *Garcia*, 528 F.3d at 487. Blount argues that the third of these three scenarios pertains to this case.

Blount takes the position that Officer Harms, an officer with ten years of full time experience as a law enforcement officer, is too experienced and knowledgeable to have believed that the warrant was supported by probable cause. (Def.'s Obj. to R&R at 3). Blount's argument centers on the fact that in *Koerth*, the Seventh Circuit held that a search warrant obtained in circumstances similar to the instant case was not supported by probable cause, but that the good faith exception applied in part because the informant who provided the information made statements against his own penal interest. (Def.'s Obj to R&R at 4) (citing *Koerth*, 312 F.3d at 870-72). Blount reasons that because the affidavits in the instant case and *Koerth* are similar (both containing conclusory, uncorroborated information without much detail, derived from informants) and because the affidavit in *Koerth* was found insufficient, Officer Harms could not have reasonably believed the affidavit was supported by probable cause. Further, he argues, because the CI in the instant case did not make statements against his penal interest, the good faith exception would not apply in this case as it did in *Koerth*. Blount's argument fails, however, because the affidavit in the instant case is not clearly deficient (if it were held to be deficient at all), unlike the affidavit in *Koerth* which was clearly deficient. The key distinction between the two affidavits is that in *Koerth* the affidavit did not contain sufficient evidence to demonstrate that the informant was reliable. 312 F.3d at 867-68. In the instant

7

case, the information provided by Officer Harms was demonstrably sufficient (as shown by the similarity to *Garcia*) to establish the reliability of the CI. Thus, even if it is later held that the warrant in the instant case was not supported by probable cause, it cannot be said that Officer Harms should have known, based on *Koerth*, that his affidavit was insufficient because, as explained, his affidavit was fundamentally distinguishable from *Koerth*. Rather, based on the extreme similarity between the instant case and *Garcia*, Officer Harms was objectively reasonable to believe that the warrant in the instant case was equally as valid as the warrant in *Garcia*. If somehow Officer Harms was wrong in that belief, he nonetheless was certainly not unreasonable in that belief.

## CONCLUSION

Given the similarity between the instant case and *Garcia* based upon the foregoing analysis, this court finds that the warrant in the instant case was supported by probable cause. If that finding is in error, the court is confident that the *Leon* good faith exception would apply since it cannot be said that a reasonably well trained officer should have known that probable cause was lacking in the instant case, when it was not found to be lacking in *Garcia*.

Accordingly,

8

Case 2:08-cr-00263-LA   Filed 06/12/09   Page 8 of 9   Document 24

**IT IS ORDERED** that the magistrate's recommendation that defendant's motion to suppress be denied (Docket #21) be and the same is hereby **ADOPTED**.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge